**Jerome M. IRVING, Appellant**

v.

**CHESTER WATER AUTHORITY.**

No. 10–3135.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 12, 2011.

Filed: July 22, 2011.

Arthur G. Girton, Esq., Chester, PA, for Appellant.

Scott C. Gottel, Esq., Holsten & Associates, Media, PA, for Appellee.

Before: SLOVITER, FUENTES and GARTH, Circuit Judges.

*OPINION*

SLOVITER, Circuit Judge.

Jerome M. Irving appeals the District Court's grant of summary judgment dismissing his claim for discrimination under the Americans with Disability Act ("ADA") against his former employer, the Chester Water Authority. Substantially for the reasons stated in the District Court's opinion, we affirm because Irving fails to raise

a genuine issue of material fact as to whether he was qualified to perform the essential functions of the job.[1]

## I.

In June 2005, Irving was injured while performing his job as a repairman specialist for the Chester Water Authority ("CWA"). Because of the severity of the lower back injury, Irving received therapy for the pain and was placed on "light duty" for over two months. App. at 50. Irving's personal physician, Dr. Wolfe, diagnosed Irving with a permanent disability and explained that Irving had "reached maximum medical improvement." App. at 97. Dr. Wolfe determined that Irving was completely unable to lift, pull, or push more than fifty pounds and could only occasionally bend, crawl, squat, or operate heavy equipment.

In August 2005, Irving applied for worker's compensation benefits based on the severity of his injuries. At the worker's compensation hearing in May 2006, Irving testified that the repairman specialist job duties included opening and closing hydrant valves and pumps, which can weigh from sixty to 400 pounds. He further testified that even while on light duty after his initial injury, he still experienced significant physical problems at work and was not physically capable of performing all of the job duties of his pre-injury position. Based on the testimony of Dr. Wolfe and Irving, Irving was awarded worker's compensation benefits of $716 per week from August 17, 2005 forward.

On August 3, 2006, CWA sent Irving a termination letter. CWA determined that Irving was incapable of performing the essential functions of the repairman specialist position because of his severe injuries. The repairman specialist official job description requires a repairman to "perform heavy manual labor, often under severe weather conditions." App. at 95.

Irving filed charges with the Equal Employment Opportunity Commission ("EEOC") and subsequently this law suit, alleging that CWA discriminated against him on the basis of his disability. The District Court granted summary judgment in favor of CWA, concluding that there was no genuine issue as to whether Irving possessed the essential qualifications required of a repairman specialist and that there was no evidence indicating that the CWA's proffered legitimate business reason for dismissing Irving was pretextual.

## II.

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that he (1) is disabled, (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer, and (3) has suffered an adverse employment action as a result of discrimination. *Hohider v. United Parcel Service, Inc.*, 574 F.3d 169, 186 (3d Cir.2009).

Irving contests the District Court's conclusion that the second element was not satisfied. First, relying on his own deposition testimony, he contends that routinely engaging in heavy manual labor is not, in fact, an essential aspect of the repairman job. Second, he contends that he is capable of performing the essential functions of

---

1. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting summary judgment, applying the same test as the district court to determine if there are any genuine issues of material fact. *Kach v. Hose*, 589 F.3d 626, 633–34 (3d Cir.2009). Irving, as the non-moving party on summary judgment, is entitled to every favorable inference that can be drawn from the record. *Id.* at 634.

the job since he performed his regular responsibilities while on light duty following the initial injury.

Both of these contentions directly conflict with Irving's earlier testimony during his worker compensation hearing that he did not feel physically capable of performing all aspects of his job. In light of both his earlier testimony and the other record evidence, Irving's subsequent self-serving deposition testimony is insufficient to raise a genuine issue of material fact. Three experienced CWA employees testified that the repairman specialist position required routine lifting, pushing, and pulling of more than fifty pounds, in addition to frequent squatting and bending—duties essential to the job.[2] No record evidence indicates that Irving could perform these functions even with reasonable accommodations. CWA could only accommodate Irving's limitations by removing essential functions of the job or shifting them to other employees. This type of accommodation is not required. *Skerski v. Time Warner Cable Co.*, 257 F.3d 273, 286 n. 4 (3d Cir.2001).

Accordingly, the District Court correctly concluded that there was no genuine issue of fact as to whether Irving was capable of performing the essential heavy manual labor functions of the repairman position. In addition, Irving makes no attempt to demonstrate that CWA's proffered rationale for terminating his employment—that is, his inability to perform the essential functions—was in fact pretextual.

2.  Irving attempts to undermine this compelling evidence with reference to the testimony of Terrance Nacrelli, a fourth employee. However, Nacrelli did not dispute that lifting more than 50 pounds was sometimes required, but stated only that it did not occur "everyday." App. at 85. In fact, Nacrelli agreed that the repairman job description ac-

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

curately reflected the requirements. Significantly, Nacrelli only worked as a repairman specialist for several months on an interim basis. Accordingly, the District Court properly concluded that Nacrelli's testimony was insufficient to create a genuine issue of material fact.